COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS





GARY EDWARD MORSE,

                                    Appellant,

v.

DANA ANN MORSE,

                                    Appellee. 

§
 
§
 
§
 
§
 
§

§


No. 08-09-00046-CV

Appeal from
 109th District Court

of Winkler County, Texas

(TC # 15,320)



 

 

 




O P I N I O N

            Gary Edward Morse appeals an order entered on a motion to compel execution of closing
documents and an original petition for post-divorce division of property. This court ordered the
parties to attend mediation pursuant to Section 154.021 of the Civil Practice and Remedies Code



and they entered into an irrevocable mediated settlement agreement (MSA). Among other things,
the agreement required Gary to dismiss this appeal. Gary has instead filed a motion to set aside the
MSA. For the reasons that follow, we deny the motion and dismiss the appeal.
FACTUAL SUMMARY
            Dana Morse filed a petition for divorce on July 20, 2007. The trial court signed a final decree
on September 25, 2008. Neither of the parties appealed. Dana later filed an original petition for
post-divorce division of property she alleged Gary had hidden during the pendency of the divorce. 
She also filed a motion to compel execution of closing documents. On February 18, 2009, the trial
court entered an order addressing both the motion to compel and the petition for post-divorce
division of property. Gary filed notice of appeal indicating his intent to appeal from that order.


 
Pursuant to our order, the parties attended mediation and, according to the status report filed by
Dana, they resolved all matters of controversy between them. Dana attached to her report a copy of
the MSA signed by the parties and their attorneys. Among other things, Gary agreed to dismiss his
appeal as part of the settlement agreement. He did not comply with the agreement but instead filed
a motion to set it aside on the ground that Dana had intentionally breached the agreement by
damaging some items of property awarded to him. Dana responds that because the MSA satisfies
the requirements of Section 6.602 of the Family Code, it is not subject to revocation by either party.
MEDIATED SETTLEMENT AGREEMENT
            A mediated settlement agreement is immediately binding on the parties if the agreement: (1) 
provides in a prominently displayed statement that is in boldfaced type, capital letters, or underlined,
that the agreement “is not subject to revocation”; (2) is signed by the parties; and (3) is signed by the
parties’ attorneys who are present at the time of signing. Tex.Fam.Code.Ann. § 6. 602(b)(Vernon
2006). If an MSA meets these requirements, a party is entitled to judgment notwithstanding Rule
11 of the Texas Rules of Civil Procedure or another rule of law. Tex.Fam.Code.Ann. § 6. 602(c). 
Compliance with Section 6.602 makes the agreement an exception to Sections 7.001 and 7.006,
which allow revision and repudiation of settlement agreements. Tex.Fam.Code Ann. §§ 7.001,
7.006; In re Joyner, 196 S.W.3d 883, 889 (Tex.App.--Texarkana 2006, pet. denied). A court is not
required to enforce an MSA if it is illegal in nature or procured by fraud, duress, coercion, or other
dishonest means. Joyner, 196 S.W.3d at 890; Boyd v. Boyd, 67 S.W.3d 398, 404-05 (Tex.App.--Fort
Worth 2002, no pet.)(holding that § 6.602 mediated settlement agreement may be subject to
rescission due to intentional nondisclosure.); In re Kasschau, 11 S.W.3d 305, 312 (Tex.App.--Houston [14th Dist.] 1999, orig. proceeding)(holding that a mediated settlement agreement may be
set aside on the ground of illegality).
            Gary does not dispute that the MSA meets all of the requirements of Section 6.602. Unless
he can establish a ground for revocation, it is binding. The only ground Gary alleges is that Dana
intentionally breached the settlement agreement with malice by damaging certain items of property. 
He cites no authority that an MSA can be revoked due to a party’s alleged intentional breach. 
Because Gary has failed to assert a viable ground for setting aside or revoking the MSA, we deny
his motion. 
            The terms of the MSA require Gary to dismiss this appeal. In the interest of judicial
economy, we will not require Gary to file a formal motion. Instead, we sua sponte dismiss the
appeal. 


August 31, 2010                                                          
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.